SCHWARTZ, Chief Judge
(dissenting).
I continue to believe that the exercise of defense peremptory challenges to remove four out of five black potential jurors demonstrated, on the face of it, a “strong likelihood” that the challenges were motivated by an impermissible bias against African-Americans — one which was especially understandable, although certainly not excusable, in a case like this in which black plaintiffs were suing non-black professional defendants. While I confess myself unable to reconcile Bryant v. State, 565 So.2d 1298 (Fla.1990) and Reed v. State, 560 So.2d 203 (Fla.1990), cert. denied, — U.S. -, 111 S.Ct. 230, — L.Ed.2d - (1990), upon which the majority relies and which seems quite similar to Bryant but is not cited in that decision, I believe that because of the sensitivity of the issue and the announced policy that “any doubts as to the existence of a ‘likelihood’ of impermissible bias must be resolved in the objecting party’s favor,” Thompson v. State, 548 So.2d 198, 200 (Fla.1989) (citing State v. Slappy, 522 So.2d 18, 21-22 (Fla.1988), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988)), Bryant shpuld control. Accordingly, I would hold that the trial court reversibly erred by declining to put the defendants to the Slappy test of presenting an acceptable, race-neutral explanation for their challenges. In my view, therefore, the judgment below must be reversed.[1]
Before SCHWARTZ, C.J., and BARKDULL, HUBBART, NESBITT, BASKIN, FERGUSON, JORGENSON, COPE, LEVY, GERSTEN and GODERICH., JJ.

. Because of the continuing importance of the question, I agree to the certification of the case to the Supreme Court. (As an aside, I suggest that the high court might well have jurisdiction to review the decision under Art. V, § 3(b)(3), Fla.Const., no matter whether the majority or the dissent had prevailed, as in express and direct conflict with either Bryant or Reed, respectively.)